Good morning, and welcome to the Ninth Circuit. The first case for oral argument today is Kasey Hoffman v. L. Pulido v. C. Smith. May it please the Court, Amir Ali for Plaintiff Kasey Hoffman. I hope to reserve three minutes for rebuttal. Plaintiff's prior action in Groudon is not a strike for two reasons. First, to determine whether an indigent plaintiff is forever barred from Federal court, the text of 1915g requires us to ask whether the action was, quote, dismissed for failure to state a claim. Groudon was not dismissed for failure to state a claim because a magistrate judge acting outside of 636c lacks the authority to dismiss for failure to state a claim. Can you explain, first of all, why Hoffman hasn't forfeited the three new arguments that he raised, given that he didn't raise those to the district court? He raised entirely different arguments. Well, Your Honor, forfeiture, as this Court has recognized, I think, many times, has no place when the district court has actually resolved an issue. Here, the magistrate judge issued an order to show cause as to these three, as to these three specific actions and whether they qualified as a strike under the statute. We think that alone is enough. But particularly, I was just about to describe, or in the midst of describing the Groudon issue, there's no question that the magistrate judge and the district court both considered this very question. And so I don't think forfeiture has a place. And that's setting aside our ---- It's their new arguments in support of the same claim, though. Their new arguments. That's right. I think that's right, although I would say that the district court actually considered some of these very arguments. Not all of them. Not all of them. That's right. That's right. I didn't see any of the arguments. And we've said that we generally will not consider new arguments on appeal that weren't raised to the district court, that the district ---- these arguments should be raised to the district court in the first instance. We cited Smith v. Marsh after Yee and Thompson and have cited it repeatedly as being our rule on appeal. Well, Your Honor, I guess I'd point to the Supreme Court's case law on this point, which is ---- No, but we held in Smith v. Marsh after Yee, so that we've held that when we enunciate a rule, and this is our rule that we don't consider, we generally don't consider new arguments on appeal, that's binding on other panels of the Court. There's nothing ---- and we've cited Smith v. Marsh repeatedly up to today. There's no superseding Supreme Court opinion. Well, Your Honor, I guess I would ---- so my initial argument is I do think it's still good law that appellants can put forward new arguments in support of a particular claim. I do think the district court specifically considered the Grouton issue, both whether it qualified under the text and went on to consider whether there was a collateral estoppel. So we have a district court decision on point there. And I also think that I'd add that it's not clear that an intervener can actually invoke the principles of forfeiture, which is really a personal defense. And what case do you cite for that? I saw that argument in your briefs, and I couldn't really understand, given that the State is basically representing the warden. And so it didn't seem to me that there was any issue with identifying a forfeiture of that argument. Of course, we think that cuts the other way, which is that the warden hasn't even entered an appearance in this case. So the idea of an intervener coming on appeal to assert those sorts of personal defenses, I'd note even in the motion for intervention, the State represented to the court that it was intervening to address the specific issue. This is at page 13 of its motion that was addressed by the district court. I tend to agree with Judge Acuda on the intervener point, but I'll grant you, since your time is ticking, that you had a pro se litigant at least at the outset. And so if we get past this and agree to – and I think it would be discretionary – but if we agree to consider these arguments, then you've got the collateral attack problem, right? Well, Your Honor, we don't think there's a collateral attack problem here, because this Court has said when a magistrate judge acts outside of 636C, its order is null and void. And I don't think that's true. Oh, no, no. There's void and then there's void, right? You have to meet the standard for under 60B to show that the magistrate judge at the time – never mind that this was all pre-King at the time the magistrate invoked this authority, and that time was pretty routine, right? So I think this is really critical. So there's a difference between voidable and void. I'll grant you that. Counsel, I know there's a difference between voidable and void. And so you've got to show, right, that this was void at the time it was entered, that there wasn't a colorable exercise of jurisdiction. That's right. And 636C said what it said at the time always, that, you know, Williams v. King didn't change the meaning of 636C. Well, that's sort of a collateral attack unless there's some sort of exceptional type circumstance. In general, these claims of jurisdictional issues, we reject after the fact in a collateral attack. So why is this exceptional? So if you'll bear me just a minute, I'd like to do this in first principles, because in our briefing I think we relied on this Court's recognition that it was void and a legal nullity. But perhaps if you just give me 15 seconds, I'll try to take it at first principles, which is that there's a distinction between challenging and... So the test is whether there's a total want of jurisdiction for when it's void. And when we're talking about something like lack of subject matter jurisdiction, so a collateral attack on an Article III judge's decision that it had jurisdiction, that's distinct from what we have here, and I'll tell you why. Article III judges have inherent authority to review their own jurisdiction, okay? And so when you're making that challenge, when you're challenging an Article III judge's jurisdictional determination, you have to show that there wasn't even arguable authority, because it had the inherent jurisdiction to at least consider its own jurisdiction. Here we're talking about an Article I magistrate judge which lacks any inherent authority to consider its own jurisdiction, which has entered an order outside of the scope of its jurisdiction. So it's statutory. I mean, we've actually said that it's questionable whether a magistrate judge acting outside of its jurisdiction even implicates subject matter jurisdiction because it's exceeding statutory authority. The district court certainly had jurisdiction over this claim. And the magistrate judge as an officer of the district court exceeded its statutory authority according to subsequent case law. So why is this a proper subject for collateral attack? Let me try it this way. This is why we think that it's clear that this wasn't dismissed at all. And maybe to do in the context of this Court's jurisdiction on appeal when a magistrate judge has exceeded 636C. So when a magistrate judge exceeds 636C, as the Court recognized in Allen v. Meyer, this Court lacks jurisdiction to even vacate the dismissal. So let's consider a situation like Pacemaker. This transcends just prisoners, where you have a company that's subject to an order by a magistrate judge on a patent claim or is imposed dispositive sanctions on the corporation, okay? When that corporation takes an appeal from the magistrate judge's order which exceeds 636C and comes to this Court, this Court can only say that it dismisses for lack of jurisdiction. So it's critical that that language from these cases saying that the order was a nullity is critical because otherwise when this Court says it lacks jurisdiction, appeal dismissed, that order would still be binding on the corporation, right? And that's what we're saying here is it's critical that these orders just be treated really as if they as if they either as an R&R, which is how some courts have handled this after Williams v. King, or as just a nullity. And the consequences are pretty minimal here. All we're talking about is essentially giving a prisoner one more chance to file a suit, not even for free. He's still going to have to pre-pay he's still going to have to pay the fine. Ginsburg. Could you turn also and discuss the dismissal of the CCHCS, the statement that the CCHS claim was a strike? Yes, of course. So we take the State to all but have conceded really that CCHCS doesn't count as a strike because it didn't address our argument that lack of standing doesn't count as a strike. Dismissal for lack of standing doesn't count as a strike. And that alone, the State doesn't dispute, and it couldn't dispute, that it has to show that each claim in that action was dismissed for a qualifying ground. And that alone is sufficient for it not to count. The State also doesn't meaningfully contest now Justice Kavanaugh's rationale in the Four Star case that dismissal for lack of supplemental jurisdiction doesn't count as a strike. So if you prevail on that strike, then on remand is that what happens with the other cases? Your client has many, many other cases, and the district court didn't. I mean, I think there's only three spaces on the form for your client who have, I'll give you that much. Nevertheless, he did not notify the court of the many, many other cases that he's filed. Yeah. I want to be clear. We agree with the State that on remand, I guess two things could happen. The district court here, the order to show cause was limited to these three actions. The district court could issue a new order to show cause on other actions. And if the State wants to ensure that the district court is aware of all of the cases, and I think we – I don't want to belabor this because I think, Judge Kristin, you already showed that you – well, let me say it this way. In Andrews, the court recognized that prisoners often don't have records of all of their cases, and the burden should be on the defendants. If some of these were ongoing cases. Some of these were ongoing. Some of these were ongoing cases. Some of them are duplicately counted more than once. Hard to think that he didn't have the records. But be that as it may, I'm really just trying to – I don't want to prejudge – we don't have that in front of us. And – but more to the point, the district court didn't. And so your position on remand is that? The district court could issue a new order to show cause as to other cases that it believes may qualify as a strike. The State hasn't in this – before this court asked this court to consider those and conclude that they count as strikes. It's said the same thing I'm saying here, which is that that can be considered on remand. And had the district court considered those, it might have reached a different conclusion. But it didn't. And so we do agree that can be considered on remand. And, you know, the fact that CCHCS clearly doesn't count as a strike is sufficient to require this court to reverse, because as, you know, one of the three strikes indicated by the district court clearly doesn't qualify. Your Honors, if I may, I think I may actually reserve the rest of my time for rebuttal unless I can answer any questions. All right. We'll hear from the State. Thank you. Good morning. May it please the Court. Misha Igra for the California Department of Corrections and Rehabilitation. CDCR intervened here specifically to defend the district court's order, not with regard to anything specific to Mr. Hoffman. We are prepared to discuss CCHCS, but really Williams v. King is the focus of our intervention motion, and so I'll start there. Well, actually, the opposing counsel represented that you really have conceded that CCHCS. What's the acronym? CCHCS. CCHCS. Is that correct? No, Your Honor. In our brief, we expressly provided that CCHCS is a strike. Well, I've read your briefs, but did I misunderstand? Or maybe there's just a misunderstanding between the two of you. Your position has not changed then. You do contest it. We do contest that CCHCS is a strike. However, we believe, as we indicated in footnote 12, Mr. Hoffman has two other strikes. And so if the case is remanded, certainly the district court could consider those. I'm sorry. I'm not understanding. Do you agree that CCHCS is a strike and the district court should have found it to be a strike? That's correct. You agree. Okay. So you've conceded that. So that resolves this case. You're saying conceded, and it's still not clear. It's not conceded. What are you agreeing to? What's your position? Are we agreeing that if this court were to remand, then the district court should be able to consider the two other strikes identified in footnote 12? That's not Judge Akuta's question, and it wasn't mine. I'm sorry. I was trying to be quick, and maybe I didn't make sense. The acronym, the third strike here, CCHCS, do you – are you contesting that? We agree with the district court that it is a strike. Okay. She's contesting that.  We got that. Now we've taken two minutes of your time. Go ahead. So maybe you could address why it is a strike. Sure. Given that the dismissal, the action against the individuals was dismissed for lack of standing, which is not one of the lists of dismissal reasons that count as a strike. So how do you argue that it is a strike? So it was dismissed on the basis of Eleventh Amendment immunity, and as we discussed in our brief, this Court has found, for instance in Jones v. Webb, that where there is a defense of Eleventh Amendment immunity on the face of the complaint, it does count as a strike. The Court found that he had failed to state a claim, and it arose out of a stolen laptop case that this Court has seen a few appeals from, James v. Lewis, Gibson v. Lewis, and Mone v. Lewis. And this Court found that all of those appeals were frivolous, and they were dismissed on the same grounds as this case was dismissed for failure to state a claim. Now, the Court did say with regard to CCHCS that there was no private cause of action under the State statute. And my friend has argued that that means that there was a declination of supplemental jurisdiction over the State claims, and then that would be the reason why it wouldn't be a strike. Now, that issue is fully briefed and pending before this Court in Harris v. Harris, which was argued in February, and so we might await a decision there which will squarely address the issue, because that is the central focus of that case, and it's not the central focus here. But as I mentioned, Mr. Hoffman has other strikes that we identified in footnote 12, two other cases that were dismissed for failure to state a claim. This Court can take judicial notice of those and dispose of this case, affirming on an alternative basis, or it may send it back to the district court, which will eventually do the same thing. But the reason I'm here is to talk about Williams v. King and the construction of 1915g and whether Williams v. King can be used as a collateral attack on a past judgment. And the answer to that is no. The plain language of 1915g requires an inmate who brings an action in a court of the United States for a qualifying reason. My friend on the other side says that a magistrate judge is not a court of the United States, but Mr. Hoffman didn't bring his case before the magistrate judge. He brought it to the court. This Court said in O'Neill v. Price that an action is brought when the complaint and an application to proceed IFP is submitted to the court. It's not submitted to a district judge or to a magistrate judge, but rather to the clerk. And at that moment, it is brought. And so Mr. Hoffman indisputably brought his lawsuit in a court of the United States. The other argument my friend makes is that it was not dismissed. Now in O'Neill v. Price, the Court also discussed what is dismissed. And it says that it makes sense that if a case is brought when it's tendered, it's dismissed when there's a disposition.  So under the text of the statute, 1915g was satisfied. And there is no argument that Grouton wasn't dismissed for one of the qualifying reasons for failure to state a claim. Second, you can't attack a judgment collaterally. You can't render it a nullity from the outside in. There are several reasons for that. First, where there is an interpretation of statutory jurisdiction. If that is erroneous, there still remains an arguable basis. The action is not rendered a nullity. And before Williams v. King, including up to one month before Williams v. King There isn't an arguable basis now, so it's a little bit confusing to me if you want to be clear about the tense that you're talking about. I think what you mean is at the time the magistrate judge acted, there was an arguable basis. Is that what you mean? That is absolutely correct, Your Honor. Thank you very much. You're not taking the position that post King, there's an arguable basis. No, Your Honor. Thank you. No, Your Honor. And Wilhelm v. Rotman, I believe, really does guide the Court with that. And Wilhelm, an inmate had consented to the jurisdiction of a magistrate judge, and then the magistrate judge changed. And then the case was disposed of. And the inmate claimed, I didn't consent to that person. That person didn't have jurisdiction. What this Court said is you, plaintiff, you've consented to a magistrate judge, and that magistrate judge has the power to dismiss. The much easier case. The much easier example. A much easier example. But the only party who was then before the Court was the inmate plaintiff and the only party who had consented. The Court did not require the defendants whose names appeared in the caption to consent. So there was an arguable basis before Williams v. King in this circuit, as well as in the Fifth Circuit in the Neels case. So our main concern is about Williams v. King being retroactively applied to render a nullity, jury verdicts, appealed judgments, unappealed judgments, collaterally. And that simply can't be so. In Lujan v. Defenders of Wildlife, the Supreme Court announced a new rule about Article III jurisdiction. It didn't go back and undo every case that had been decided before that. Now, Lujan was decided in 1992. And the following year, the Court decided Harper v. Virginia Department of Taxation where it says that retroactivity, when a rule of law is announced, that must be given full retroactive effect in all cases still open on direct review. It does not apply to closed cases that you're attempting to collaterally attack. And this Court applied Harper v. Virginia Department of Taxation in Nunez-Reyes v. Holder. And it commented, even though that arose in an immigration context, it commented about how that rule would apply in a civil case. And it says that it applies retroactively to all cases still pending before the courts. So Mr. Hoffman's remedy, had he thought that Groudon should not have been decided by a magistrate judge, was either to appeal that decision or to bring a 60-B-4 motion directly, but not to attack it in this case. It's a due process concern. The defendants in Groudon aren't here. They don't have the ability to defend that judgment here. And so it must be directly attacked in that action. If the Court has no further questions. Apparently not. Thank you. Thank you. Your Honors, just a couple of quick points. First, on the CCHCS matter, I did hear counsel say that they can test whether this qualifies. I didn't hear a specific argument in response to this dismissal for lack of standing qualifying. And again, all claims must have been dismissed for a qualifying reason. We do encourage the Court to issue a published decision on that point. And let me say why. This Court has recognized already that dismissal for lack of standing doesn't count in a couple of cases, Stevenson and Maya, which we cite in our blue brief. But this argument continues to be made in the district courts by the State that it counts. And I think a published decision from this Court would help on that front. Just really quickly on the dismissal. Did it say something new or different than what we've already said? It says something that has never been said specifically in a published decision. This Court has said that dismissal for lack of subject matter jurisdiction doesn't count. But the clarification that is specifically the dismissal for lack of standing doesn't count has never been said, as far as I'm aware, by this Court in a published decision. I understand that. Thank you for your clarification. And then just really quick on the dismissal for lack of supplemental jurisdiction  Again, I'd largely just refer the Court to the decision by now Justice Kavanaugh where he addresses all of the arguments that the State's made here. But I just want to address one point because the State brought up this the comment in the opinion regarding whether there is a private right of action under State law. And I just would refer the Court, my only response would be to refer the Court in the CCHCS decision to footnote three of the Court's decision where it says the Court takes no position on whether a plaintiff would be able to successfully pursue his claims in State court. So there was no determination whatsoever that they could not pursue these State law claims. It was simply the decision not to dismiss for lack of supplemental jurisdiction, just to make that absolutely clear. Now, the Court would have discretion whether to go on and consider the other strike in Groudon in reversing the decision below. And I just would make two very quick points on this. And I won't belabor them because I tried to make this in my opening argument. But I do think that failure to recognize that an order from a magistrate judge which has exceeded the text of 636C, failure to recognize that that is a nullity in void is a really significant consequence. Because, again, this Court in reviewing that circumstance, whatever the judgment is, whether it's against a prisoner or a corporation, does not have the power to vacate such an order. And so the question is, is there a difference between reviewing it on direct appeal and collaterally? So in other words, had your client either appealed it or raised a motion for reconsideration, then those arguments would probably carry more force. Your Honor, I actually think that's a point for us. I mean, let's consider what would happen if Mr. Hoffman had appealed in the Groudon case. He would have appealed. This Court would have said, dismissed for lack of jurisdiction. So it wouldn't have vacated the order. It wouldn't. And that's why that order was never an actual dismissal in the first place or should be treated that way. Otherwise, you would be saying that this Court has no power to do anything about it. I'm sorry. I don't understand that. Maybe you could clarify. Well, so if the Court had reached the same conclusion in Williams in the Groudon case, so if he had appealed and the Court had looked at 636C and said, you know, all as the statute requires, the consent from all parties, even unserved defendants, is required, the outcome would have been this is dismissed for lack of jurisdiction. That's clear from the Allen v. Meyer case. Now, I do want to just really quickly, this is important, because the State points to the final wording in Williams v. King where I hate to attribute to the Court an oversight, but this is the only decision we've seen where in that posture the Court has said it vacates the opinion. But I do think that was an oversight or a Scrivener's error. And all of the cases which have followed Williams v. King, the Court has said dismissed for lack of jurisdiction. And that is the only thing this Court can do in that context. And I think that's quite a proposition. If a corporation, you know, name your plaintiff, is subject to an order by an Article I magistrate judge which exceeds its authority, it cannot even — it's told by 636C it's supposed to come directly to this Court for assistance. And if this Court can't even vacate the order, I think that's clear that it was never dismissed within the language of the PLRA. Okay. I think we have your argument. And we have a case. The case of Hoffman v. Pulido is submitted. And we will take a brief recess.
judges: Wallace, Ikuta, Christen